UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jobari Robinson, | ) | C/A No. 6:24-cv-5469-DCC-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Robert F. Whatley, III, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff filed this action in forma pauperis under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the undersigned United States Magistrate Judge is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. For the reasons below, the undersigned recommends summary dismissal of the action.

## BACKGROUND

Plaintiff commenced this action by filing a Complaint on the standard form seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff is a pretrial detainee and is currently incarcerated at the Greenville County Detention Center ("GCDC"). *Id*. at 2. He brings this action for purported violations of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. *Id.* at 4. Plaintiff contends he was arrested "with no warrants, probable cause and without due process of investigating my side." *Id.* Plaintiff alleges that a warrant was signed by Judge Latoya Barksdale on May 28, 2024, which claimed Plaintiff committed a crime on May 3, 2024. *Id.* at 5. He alleges he was arrested on August 5, "but no warrant was got until [August

9, 2024].” *Id*. Plaintiff alleges that Defendant lied on the warrant affidavit, thus violating Plaintiff's due process rights. *Id*. Plaintiff marked "N/A" on the "Injuries" section of the Complaint form. *Id.* at 6. For his relief, Plaintiff seeks declaratory relief to force the Greenville County Sheriff's Office to follow proper procedures during pre-arrest investigations and injunctive relief to "prevent future problems like this." *Id.*

Plaintiff has attached to his Complaint a copy of two arrest warrants. ECF No. 1-1. The first arrest warrant, number 2024A2330204993, was sworn by Defendant on May 28, 2024. *Id*. at 1. The warrant charges Plaintiff with first-degree burglary and contains the following narrative as to probable cause:

> The defendant did unlawfully enter the residence located at 17 Ellendale Ave. Once inside the defendant did take items that did not belong to him. The defendant has two prior convictions for Burglary. This incident occurred in Greenville County. The affiant's belief is based on investigation, forensics [sic] evidence, and victim statement.

*Id*. That warrant was signed upon a finding of probable cause by Judge Barksdale on May 28, 2024, and was served on Plaintiff when he was arrested on August 5, 2024. *Id*. The second arrest warrant, number 2024A2330204994, was also sworn by Defendant on May 28, 2024. *Id*. at 2. The warrant charges Plaintiff with petit or simple larceny – $2,000 or less, and contains the following narrative as to probable cause:

> The defendant did unlawfully enter the residence located at 17 Ellendale Ave. Once inside the defendant did take items valued at less than $2,000 that did not belong to him. This incident occurred in Greenville County. The Affiant's belief is based on investigation, forensics [sic] evidence, and victim statement.

*Id*. That warrant was signed upon a finding of probable cause by Judge Barksdale on May 28, 2024, and was served on Plaintiff when he was arrested on August 5, 2024. *Id*.

2

The Court takes judicial notice that, after his arrest, Plaintiff was charged in the Greenville County Court of General Sessions with first-degree burglary and petit larceny at case numbers 2024A2330204993 and 2024A2330204994. *See* Greenville County Thirteenth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/greenville/PublicIndex/PISearch.aspx (last visited Oct. 3, 2024) (search by case number listed above); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). Those charges remain pending against Plaintiff, and he remains incarcerated at the GCDC on those charges.

## STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the in forma pauperis statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007).  However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact).  "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

## **DISCUSSION**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Complaint filed in this case is subject to dismissal for the reasons below.

**Validity of Plaintiff's Arrest**

Plaintiff asserts claims for violations of his Fourth and Fourteenth Amendment rights and alleges he was arrested without probable cause. ECF No. 1 at 4–6. Such claims are analyzed as actions claiming unreasonable seizures in violation of the Fourth Amendment. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "The Fourth Amendment is not violated by an arrest based on probable cause." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

Here, Plaintiff was arrested pursuant to two warrants in which a judge found probable cause for the arrest. Therefore, Plaintiff's claim is construed as one for malicious prosecution rather than one for false arrest. *See Smith v. Munday*, 848 F.3d 248, 257 (4th Cir. 2017) ("A claim for false arrest alleges that a *warrantless* arrest lacked probable cause; a claim for malicious prosecution

alleges that an arrest *made pursuant to a warrant* lacked probable cause." (emphases added));
*Safar v. Tingle*, 859 F.3d 241, 246 (4th Cir. 2017) ("[A] claim for false arrest may be considered
only when no arrest warrant has been obtained."); *see also Thompson v. Clark*, 142 S. Ct. 1332,
1337 (2022) ("[A] Fourth Amendment claim under § 1983 for malicious prosecution [is]
sometimes referred to as a claim for unreasonable seizure pursuant to legal process."); *Wallace v.
Kato*, 549 U.S. 384, 389 (2007) (explaining the plaintiff's claim was for false arrest because
officers detained him "*without legal process*" and "did not have a warrant for his arrest").

"To state a Fourth Amendment claim under § 1983 for malicious prosecution, Plaintiff
must allege (1) the defendant seized him pursuant to legal process (e.g., a warrant) not supported
by probable cause and (2) the criminal proceedings have terminated in his favor." *Brunson v.
Timmons*, C/A No. 4:22-cv-00882-RBH, 2022 WL 2155311, at *2 (D.S.C. June 15, 2022). Here,
Plaintiff's malicious prosecution claim is subject to dismissal because he has not alleged that the
state criminal proceedings against him have terminated in his favor. *Id*. Indeed, Plaintiff remains
incarcerated on the charges of which he complains, and the public record shows that the charges
remain pending against him.

**Warrants**

The record before the Court does not establish that Plaintiff was seized pursuant to legal
process unsupported by probable cause. As noted, Plaintiff has attached to his Complaint a copy
of the two arrest warrants that were served on him when he was arrested. Those documents show
that Plaintiff was arrested pursuant to a facially valid arrest warrant, and "a public official cannot
be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant."
*Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *see also Brooks v. City of Winston-Salem*,
85 F.3d 178, 181–82 (4th Cir. 1996) (explaining that, when arresting official makes the arrest with

6

a facially valid warrant, it is not false arrest); *Harrison v. Sumter Cnty. Sheriff's Dep't*, C/A No. 2:07-cv-3555-PMDG, 2008 WL 553181, at *3 (D.S.C. Feb. 25, 2008) (same). Nothing in Plaintiff's Complaint shows that Defendant made material false statements or omissions deliberately or with a reckless disregard for the truth such that Defendant would not be shielded by the arrest warrant. *See Osment v. Lyons*, C/A No. 7:24-cv-3714-JDA-BM, 2024 WL 3722047, at *4 (D.S.C. July 9, 2024), *R&R adopted by* 2024 WL 3718154 (D.S.C. Aug. 8, 2024). Accordingly, the Complaint does not show that Plaintiff was arrested without probable cause on the charges pending against him.

Additionally, Plaintiff alleges that Defendant lied in his affidavits in support of the warrants and that Defendant based his investigation on hearsay. ECF No. 1 at 5. Plaintiff's contention is without merit, as he has failed to allege facts to show that the warrants, which were duly issued by a magistrate judge, were not valid. Plaintiff makes no allegations whatsoever to support his cursory assertion that Defendant lied in his affidavit. *See Murphy v. Tilton*, C/A No. 4:19-cv-2991-DCC-KDW, 2020 WL 421314, at *2 (D.S.C. Jan. 3, 2020) ("Plaintiff does not offer any facts to show Defendant intentionally lied in drafting the affidavit in support of the warrant. Plaintiff has not set forth any evidence showing that any statement in the arrest warrant was deliberately false or made with reckless disregard for the truth. Accordingly, Plaintiff's claims should be summarily dismissed."), *R&R adopted by* 2020 WL 419606 (D.S.C. Jan. 27, 2020).

Plaintiff also appears to allege that the arrest warrant was not issued until *after* his arrest. ECF No. 1 at 5 ("I was arrested Aug. 5th but no warrant was got until 8/9/24.") Plaintiff's allegation is without merit. The arrest warrants that Plaintiff attached to his Complaint and which he cites in his Complaint show that a magistrate judge issued the warrants on May 28, 2024, which were then served on Plaintiff when he was arrested on August 5, 2024. ECF No. 1-1.

**Abstention Doctrine**

Further, this Court should abstain from considering Plaintiff's claims under the *Younger* abstention doctrine. Absent extraordinary circumstances, a federal court must abstain from exercising federal jurisdiction when doing so would interfere with a pending state criminal proceeding. *Younger v. Harris,* 401 U.S. 37, 44 (1971) (holding that a federal court must abstain from enjoining a state criminal proceeding); *see Samuels v. Mackell,* 401 U.S. 66 (1971) (holding that federal courts may not provide a plaintiff with declaratory relief when he is subject to a pending state court criminal prosecution). *Younger* demands abstention "where granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action." *Traverso v. Penn,* 874 F.2d 209, 212 (4th Cir.1989). It is widely accepted that a defendant in a state criminal trial has an adequate remedy outside of federal proceedings because he can litigate constitutional claims in defense of the state prosecution. *See Nivens v. Gilchrist,* 444 F.3d 237, 241 (4th Cir. 2006).

Pursuant to the *Younger* abstention doctrine, a district court is required to abstain from interfering in state proceedings, even if jurisdiction exists, when there is (1) an ongoing or pending state judicial proceeding, instituted prior to any substantial progress in the federal proceedings; that (2) implicates important state interests; and (3) provides the plaintiff with an adequate opportunity to raise the federal constitutional claim advanced in the federal lawsuit. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432–34 (1982); *Laurel Sand & Gravel, Inc. v. Wilson,* 519 F.3d 156, 165 (4th Cir. 2008). If the elements are satisfied, a district court must abstain from interfering unless there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex,* 457 U.S. at 435. Each of these factors is satisfied, and the Court should therefore abstain from interfering

with Plaintiff's state court criminal proceedings. Plaintiff can adequately litigate his federal constitutional rights in the state court proceedings. *See Miles v. Vandermosten*, C/A No. 8:23-cv-3365-JD-JDA, 2023 WL 6990911, at *5 (D.S.C. Aug. 29, 2023), *R&R adopted by* 2023 WL 6977602 (D.S.C. Oct. 23, 2023).

## <u>CONCLUSION AND RECOMMENDATION</u>

Plaintiff has failed to allege facts to state a cognizable constitutional claim, and this action is therefore subject to summary dismissal. Additionally, the Court should abstain under the *Younger* abstention doctrine. Therefore, IT IS RECOMMENDED that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. §§ 1915 and 1915A without service of process and without leave to amend.[1]

IT IS SO RECOMMENDED.

s/William S. Brown
United States Magistrate Judge

October 4, 2024
Greenville, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

---

[1] Any attempt to cure the deficiencies would be futile for the reasons stated herein. Accordingly, the District Court should dismiss this action without affording Plaintiff an opportunity to amend his Complaint. *See Workman v. Kernell*, C/A No. 6:18-cv-00355-RBH-KFM, 2018 WL 4826535, at *2 n.7 (D.S.C. Oct. 2, 2018) (declining to grant an opportunity to amend where amendment would be futile); *see also Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) ("[W]hen a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable.").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).