IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jobari Robinson, | ) | Case No. 6:24-cv-05469-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Robert F. Whatley, III, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Complaint alleging violations of his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report"). On October 4, 2024, the Magistrate Judge issued a Report recommending that the Complaint be dismissed without issuance and service of process. ECF No. 9. Plaintiff filed objections. ECF No. 11.

**APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or

recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge recommends summary dismissal of this action because Plaintiff has failed to state a plausible constitutional violation. The Magistrate Judge construed Plaintiff's claim as one for malicious prosecution. ECF No. 9 at 5. To state a Fourth Amendment claim under § 1983 for malicious prosecution, Plaintiff must allege (1) the defendant seized him pursuant to legal process (e.g., a warrant) not supported by probable cause and (2) that the prosecution ended without a conviction. *Brunson v. Timmons*, C/A No. 4:22-cv-00882-RBH, 2022 WL 2155311, at *2 (D.S.C. June 15, 2022); *Thompson v. Clark,* 142 S. Ct. 1332 (2022). The Magistrate Judge recommends dismissal because Plaintiff has not alleged that the state criminal proceedings are ongoing. The Magistrate Judge further recommends summary dismissal of Plaintiff's claim because there is not support for the assertion that he was arrested pursuant to legal process not supported by probable cause and because the Court should abstain from considering Plaintiff's claims pursuant to *Younger v. Harris*, 401 U.S. 37, 44 (1971).

In his objections, Plaintiff appears to challenge whether there was probable cause to arrest him. ECF No. 11. He does not object to any other portion of the Report. Out of an abundance of caution, the Court has reviewed the record, the Report, and the

2

applicable law de novo. Upon such review, the Court agrees with the recommendation of the Magistrate Judge. There is no indication that Plaintiff's criminal proceedings have ended without a conviction. Further, abstention is warranted under *Younger*. Therefore, this action is subject to summary dismissal.[1]

## CONCLUSION

Accordingly, the Court agrees with the recommendation of the Magistrate Judge. This action is **DISMISSED** without prejudice, without issuance of service of process, and without leave to amend.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 24, 2024
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] Plaintiff has not specifically objected to the Magistrate Judge's construction of his claim as a claim for malicious prosecution rather than a claim for false arrest; however, the Court notes that any claim for false arrest would fail. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *see also Brooks v. City of Winston-Salem*, 85 F.3d 178, 181–82 (4th Cir. 1996) (explaining that, when arresting official makes the arrest with a facially valid warrant, it is not false arrest).